# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

LINDA UNDERWOOD, SUSAN REAUME, ) Case No.: 2:09-cv-00700-RLH-PAL
OMAR SHARIF, RUSSELL MILKO, and )
EARLENE MILKO, on behalf of themselves ) **O R D E R**
and other persons and entities similarly situated, )
                                     ) (Motion to Vacate
           Plaintiffs,              ) Arbitrator's Order–#42)
                                     )
    vs.                             )
                                     )
PALMS PLACE, LLC, )
                                     )
           Defendant.              )
_____)

        Before the Court is Plaintiffs Linda Underwood, Susan Reaume, Omar Sharif, Russell Milko, and Earlene Milko's **Motion to Vacate** (#42, filed Nov. 4, 2010) the Arbitrator's Clause Construction Order granting Defendant Palms Place, LLC's Motion to Sever. The Court has also considered Defendant's Opposition (#43, filed Nov. 22, 2010), and Plaintiffs' Reply (#44, filed Dec. 2, 2010).

## BACKGROUND

        This dispute arises from Plaintiffs' purchase of condominium hotel units in the Palms Place Condominium Project, located in Las Vegas, Nevada. Plaintiffs filed suit in this

1

AO 72
(Rev. 8/82)

Court on April 17, 2009.  (Dkt. #1, Compl.)  Plaintiffs allege the following causes of action: (1) declaratory relief, (2) violation of the Interstate Land Sales Full Disclosure Act, 15 USC § 1701 *et seq.*, and/or for exercise of rescission rights under this Act, (3) violation of NRS § 41.600 and NRS § 598 *et seq.*, (4) contractual breach of implied covenant of good faith and fair dealings, and (5)[1] illusory promise.  (Dkt. #8, Am. Compl.)  Plaintiffs filed this case as a class action on their own and on behalf of a class defined as:

> all persons or entities who executed purchase and sale agreements (the "Agreements") with Palms Place, LLC to purchase units in the Palms Place who have not closed their purchase and desire to rescind the agreements and/or recover their deposits and other damages.

(*Id.* ¶ 21 (capitalization and emphasis omitted).)

The Agreements contained an arbitration clause with language establishing that Nevada law shall apply and that any arbitration would be conducted under the Dispute Resolution Rules of the American Arbitration Association ("AAA").  (Dkt. #24-1, Mot. Ex. A, § 24.10.)  On February 11, 2010, Defendants filed a Motion to Stay and Compel Arbitration (#24), which the Court granted.  (Dkt. #32, Order, Mar. 25, 2010.)  Once in arbitration, Defendant moved to sever Plaintiffs' purported class action complaint and treat it as separate demands for arbitration.  In opposition, Plaintiffs argued that although the Agreements are silent as to class arbitration, such group arbitration is permissible on several grounds.  Specifically, class arbitration is permissible and appropriate here because the Agreements do not prohibit it, Nevada law and AAA rules permit it, and federal case law finding against class arbitration is not applicable to this case.  Nevertheless, the Arbitrator issued a Clause Construction Order granting Defendant's Motion to Sever.  (Dkt. #42, Pls.' Mot. Ex. 1.)

Although the Clause Construction Order acknowledged that Nevada law applied, the Arbitrator did not interpret NRS § 38.224 to authorize class arbitration where the parties' Agreement was silent on the issue.  Plaintiffs had argued that Defendant's motion should be

---

[1] Incorrectly numbered as Plaintiffs' "sixth claim for relief."

2

1  denied because the Nevada Uniform Arbitration Act of 2000, NRS §§ 38.206–360, allows class
2  arbitration. However, the arbitrator held that NRS § 38.224 "addresses the consolidation of
3  existing matters, not certification of class arbitrations." (*Id.* ¶ 11.)
4        The Clause Construction Order recognized that the Agreements' § 24.10 neither
5  expressly permits nor prohibits class arbitration, rather the provision is silent on that issue. (*Id.* ¶
6  12.) The Arbitrator determined that "[s]ilence on an issue in contract precludes adding the issue to
7  the contract by implication. *See Parsons Drilling, Inc. v. Polar Resources Co*., 98 Nev. 374, 377,
8  659 P.2d 1360, 1363 (1982)." (*Id.*) Thus, he declined to view the Agreements' silence on class
9  arbitration to constitute consent. The Arbitrator cited the Supreme Court's decision in
10 *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. - - - -, 130 S. Ct. 1758 (2010), and stated,
11 "[t]he 'silence' here is interpreted as a prohibition on class arbitration, and the arbitrator will not
12 force class arbitration upon parties who did not specifically agree to that method of dispute
13 resolution." (*Id.* ¶ 13.)
14       Under Rule 3 of the AAA Supplementary Rules for Class Arbitrations, a party may
15 "move a court of competent jurisdiction to confirm or to vacate the Clause Construction Award."
16 Pursuant to this rule, Plaintiffs have now filed a Motion to Vacate the Arbitrator's Clause
17 Construction Order. For the reasons discussed below, the Court denies the motion.

## DISCUSSION

19       As a preliminary matter the Court must address Defendant's assertion that this
20 motion is not ripe for judicial review and, therefore, the Court lacks subject matter jurisdiction.
21 Defendant cites *Dealer Computer Services, Inc. v. Dub Herring Ford*, 547 F.3d 558 (6th Cir.
22 2008), to that end and suggests that the Court decline to review the Clause Construction Order.
23 Although *Dealer* involved judicial review of a clause construction award, its rationale is
24 inapplicable here. In *Dealer*, the clause construction award "did not conclusively determine that
25 [the parties'] claims *should* proceed as a class arbitration." *Id.* at 561 (emphasis in original). The
26 award merely found that the arbitration clauses within the parties' contracts did not preclude class

arbitration—"a key distinction" from an award which conclusively grants or denies class certification. *Id.* at 563. Here, the Arbitrator issued an order conclusively denying class certification. Thus, the issue is ripe for judicial review, and the Court concludes that Plaintiffs' motion satisfies the Article III jurisdictional requirements.

## I. The Federal Arbitration Act

Congress enacted the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, in 1925 to overcome widespread judicial resistance to arbitration. *Buckeye Check Cashing, Inc. v. Cardegna*, 526 U.S. 440, 441 (2006). The FAA's overarching purpose is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate informal, streamlined proceedings. *AT&T Mobility LLC v. Concepcion*, 563 U.S. - - - -, 2011 WL 1561956, at *8 (Apr. 27, 2011); *see also Stolt–Nielsen*, 130 S. Ct. 1758. Courts must place arbitration agreements on an equal footing with other contracts, *Cardegna*, 526 U.S. at 443, and enforce them according to their terms, *Volt Information Sciences., Inc. v. Bd. of Trs. of Leland Standord Jr. Univ.*, 489 U.S. 468, 478 (1989). Section 2 of the FAA makes agreements to arbitrate " valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In accordance with FAA provisions, parties may agree to limit the issues subject to arbitration, *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 628 (1985), to arbitrate according to specific rules, *Volt*, 489 U.S. at 479, and to limit with whom they will arbitrate, *Stolt–Nielsen*, 130 S. Ct. at 1763.

## II. Plaintiffs' Motion

Plaintiffs argue that the Court should vacate the Arbitrator's Clause Construction Order for three reasons: (1) the Arbitrator exceeded his authority; (2) the award is arbitrary, capricious, and unsupported by the agreement; and (3) the Arbitrator demonstrated a manifest disregard of the law. These arguments include both federal and state grounds for vacating an arbitration award. The Court will address each argument in turn.

///

### A. Exceeding Arbitral Power

Under the FAA, a district court may issue "an order vacating the award upon the application of any party to the arbitration ... where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). Arbitrators do not "exceed their powers" when they merely interpret or apply the governing law incorrectly, but when the award is "completely irrational." *Kyocera Corp. v. Prudential-Bache Trade Services, Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (citing *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986)).

Plaintiffs argue that the Arbitrator lacked authority to grant Defendant's Motion to Sever the class action complaint and treat it as separate demands for arbitration. Defendant points out that the Arbitrator had the authority to interpret the arbitration clause and determine whether the clause permits class proceedings, regardless of the additional fact that Defendant sought to sever the claims. The Court agrees. The AAA rules clearly allowed the Arbitrator to determine whether the Agreements permit class proceedings. The Court therefore concludes that this argument lacks merit.

### B. Grounds to Vacate under Nevada Law

In addition to the FAA, Nevada law provides several conditions under which a court could vacate an arbitrator's award. *See generally*, NRS § 38.241. The Nevada Supreme Court has also recognized two common-law grounds under which a court may review private binding arbitration awards: (1) whether the award is arbitrary, capricious, or unsupported by the Agreements; and (2) whether the arbitrator manifestly disregarded the law. *Clark Cnty. Educ. Ass'n v. Clark Cnty. School Dist.*, 131 P.3d 5, 8 (Nev. 2006) (citation omitted).

#### 1. Was the Clause Construction Order Arbitrary, Capricious, or Unsupported by the Agreements?

"The arbitrary-and-capricious standard does not permit a reviewing court to vacate an arbitrator's award based on a misinterpretation of the law." *Id.* Rather, the review is limited to "whether the arbitrator's findings are supported by substantial evidence in the record." *Id.*

5

Plaintiffs assert that the Clause Construction Order is arbitrary, capricious, and unsupported by the Agreements. To the contrary, the Order methodically analyzed § 24.10 of the Agreements, the AAA Rules, and the Nevada statute governing consolidated arbitration. The Order concluded that § 24.10 is "***silent*** on class arbitration." (Dkt. #42, Ex. 1 ¶ 6 (emphasis in original).) Applying Nevada law, the Arbitrator determined that silence did not constitute consent to class arbitration. The Court is unsure how this conclusion could be unsupported by the Agreements when § 24.10 is devoid of language explicitly authorizing class arbitration.

Plaintiffs repeatedly argue that § 24.10 does not *prohibit* class arbitration. However, an absence of such prohibition does not tacitly suggest approval. Moreover, this argument only serves to underscore the Arbitrator's authority to interpret the Agreements. Without an outright prohibition of class arbitration either in the FAA or Nevada statutes or the Agreements themselves, the Arbitrator was free to interpret § 24.10 as precluding class arbitration. Thus, the Arbitrator's findings are supported by substantial evidence in the record. Because the Order specifically addresses the parties' contentions and applicable rules and statutes, the Court finds that the Order was neither arbitrary nor capricious.

### 2. Did the Arbitrator Manifestly Disregard the Law?

A court may also vacate an award if an arbitrator demonstrates a "manifest disregard of the law." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995); *Wichinsky v. Mosa*, 847 P.2d 727, 731 (Nev. 1993). However, "[j]udicial inquiry under the manifest-disregard-of-the-law standard is extremely limited." *Bohlmann v. Printz*, 96 P.3d 1155, 1158 (Nev. 2004). "In such instance, 'the issue is not whether the arbitrator correctly interpreted the law, but whether the arbitrator, knowing the law and recognizing that the law required a particular result, simply disregarded the law'." *Clark Cnty. Educ. Ass'n*, 131 P.3d at 8 (citing *Bohlmann*, 96 P.3d at 1158).

///

///

Plaintiffs argue that the Arbitrator manifestly disregarded the law because the federal case law cited by the Arbitrator is not applicable here and because Nevada law permits arbitration to be conducted on a group basis.

### i.   Federal Case Law Regarding Class Arbitration

Plaintiffs assert that the Arbitrator incorrectly applied the Supreme Court's decision in *Stolt–Nielsen*, 130 S. Ct. 1758, because it involved interpretation of the FAA, not state law as applicable here. This argument is without merit as the FAA is broadly applicable to all arbitration agreements involving commerce, whether or not they have a choice-of-law provision embracing state law. In the alternative, Plaintiffs assert that *Stolt–Nielsen* is distinguishable on its underlying facts. While it certainly involved distinguishable facts, that circumstance is of no consequence. In *Stolt–Nielsen*, the relevant arbitration clause lacked express language permitting or prohibiting class arbitration. The same is true for § 24.10 of the Agreement at issue here. In these situations, the Supreme Court instructed arbitrators and courts to conduct a choice-of-law analysis, determine the default rule under that law, and apply the default rule accordingly. *Id.* at 1768; *see also Picardi v. Eighth Jud. Dist. Ct.*, - - P.3d - - - -, 127 Nev. Adv. Op. 9, 2011 WL 1205284, at *5 (Nev. Mar. 31, 2011) (citing *Stolt–Nielsen* and recognizing that an arbitrator must apply the default rule of the law under which an arbitration clause is construed). Thus, *Stolt–Nielsen* properly guides an arbitrator's decision in any arbitration where the parties' agreement is silent concerning class arbitration, as was the case here.

In this case, the Arbitrator properly identified Nevada law in a choice-of-law analysis consistent with *Stolt–Nielsen*. He then stated that NRS § 38.224 was inapplicable because it addresses "consolidation of existing matters, not certification of class arbitrations." (Dkt. #42, Ex. 1 ¶ 11.) From this statement, the Court can infer that the Arbitrator concluded that the Nevada Uniform Arbitration Act lacks a "default rule" on class arbitration. No Nevada case law directly addresses this issue, and NRS § 38.224 is the only Nevada statute to come close. As a result, the Arbitrator properly applied "generally applicable state contract law." *Picardi*, 2011 WL 1205284,

AO 72
(Rev. 8/82)

1  at *4 (citing *Allied-Bruce Termini Cos. v. Dobson*, 513 U.S. 265, 281 (1995)).  He determined,

2  "[s]ilence on an issue in contract precludes adding the issue to the contract by implication.  *See*

3  *Parsons Drilling, Inc. v. Polar Resources Co.*, 98 Nev. 374, 377, 659 P.2d 1360, 1363 (1982)."

4  (Dkt. #42, Ex. 1 ¶ 12.)  The Clause Construction Order, therefore, demonstrates that the Arbitrator

5  did not disregard the law, rather he knew the law and interpreted it as he saw fit.

### ii.   NRS § 38.224 - Consolidation of Separate Arbitration Proceedings

8  Finally, Plaintiffs maintain that the Arbitrator manifestly disregarded the law

9  because NRS § 38.224 allows class arbitration.  They also claim that Nevada case law is consistent

10  with Nevada statutes in this regard.  However, Plaintiffs gloss over a critical distinction: these

11  cases and this statute involve *consolidated* arbitration—not *class* arbitration.  One need only

12  examine the relatively low requirements for consolidation of proceedings (*i.e.* common questions

13  of law and fact, expediency, and economy) versus the extensive class requirements (*i.e.* class

14  representatives must fairly and adequately protect the class' interests, class members are so

15  numerous that separate proceedings are impracticable) to see the difference.  The difference cannot

16  be overlooked because class arbitration fundamentally changes the nature of the arbitration,

17  whereas consolidated arbitration aims to simplify its procedural aspects.

18  The Supreme Court was careful to point this out in *Stolt–Nielsen*, "class-action

19  arbitration changes the nature of arbitration to such a degree that it cannot be presumed the parties

20  consented to it by simply agreeing to submit their disputes to an arbitrator."  130 S. Ct. at 1765;

21  *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. - - - -, 2011 WL 1561956, at *8 (Apr. 27,

22  2011) (reiterating that a switch from bilateral to class arbitration without explicit consent is

23  inconsistent with the FAA).  Furthermore, the parties' assumptions at the time they agreed to

24  arbitrate are potentially frustrated by class arbitration because "[t]he arbitrator's award no longer

25  purports to bind just the parties to a single arbitration agreement, but adjudicates the rights of

26  absent parties as well."  *Id.* at 1766.  Consolidated arbitration, on the other hand, does not bind

absent parties. Based on the above, the Arbitrator's conclusion that NRS § 38.224 does not address certification of class arbitrations was not contrary to law, and the Court finds that the Clause Construction Order was not a manifest disregard of the law.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion to Vacate the Arbitrator's Clause Construction Order (#42) is DENIED.

Dated: May 9, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**